McCarter & English, LLP
Suite 1800
919 N. Market Street
P.O. Box 111
Wilmington, DE 19899
tel 302.984.6300
fax 302.984.6399
www.mccarter.com

WILLIAM F. TAYLOR, JR.

Fax: (302) 984-6399
Email address: wtaylor@mcarter.com



March 28, 2005

**VIA HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:  Uni-Diversified, Inc. and Triangle Corp. v. Spalding Sports Worldwide, Inc. and Russell Corporation
     U.S. District Court for the District of Delaware, C.A. 04-961 JJF
     Our File No.: 99298-00001

Dear Judge Farnan:

Enclosed please find a proposed scheduling order for the above captioned case. By way of brief background, this case was stayed on February 3, 2005, for the purposes of voluntary mediation before Judge Bifferato. In spite of a full day of mediation, the case did not resolve. The stay in effect in this case expired on March 19, 2005, and the parties met on March 23, 2005, to confer on the enclosed order. The parties would like to note for the Court that the schedule proposed in the order is somewhat elongated in order to take into account the truly "international" nature of this case. A majority of the conduct (and possible witnesses) occurred in Japan. My primary client is in Canada and Russell's primary client is in Ireland. Either these parties will travel to the United States for discovery or the attorneys will travel to them. Either way, we believe the extra time built into the scheduling order merely reflects the cross border nature of this dispute.

Respectfully submitted,

WILLIAM F. TAYLOR, JR.

WFT/gb

Enclosure

| HARTFORD | STAMFORD | NEW YORK CITY | NEWARK | PHILADELPHIA | WILMINGTON | BALTIMORE |
| --- | --- | --- | --- | --- | --- | --- |
| 860.275.6700 | 203.324.1800 | 212.609.6800 | 973.622.4444 | 215.979.3800 | 302.984.6300 | 410.659.8500 |

WL1: 104111.01

## ORDER FOR SCHEDULING CONFERENCE

At Wilmington this _____ day of 2005

IT IS ORDERED that:

1. A telephonic scheduling conference to be initiated by plaintiff's counsel shall be held on _____ at _____ m. See D. Del. LR 16.2.

2. Pursuant to the early disclosure requirements of Fed. R. Civ. P. 26, counsel shall immediately exchange the following information without formal discovery requests:

    (a) identities of individuals likely to have knowledge of discoverable information that may be used to support the disclosing party's claims or defenses.

    (b) documents and things in the possession of counsel or the party that may be used to support the disclosing party's claims or defenses;

    (c) identifies of experts and their opinions;

    (d) insurance agreements in force; and

    (e) statement of the basis for any damages claimed.

Counsel should **not** file any of the aforementioned with the court.

3. Prior to the teleconference scheduled herein, counsel shall confer pursuant to Fed. R. Civ. P. 26(f) and shall submit a discovery plan to the undersigned not later than 24 hours prior to the conference with the court. The discovery plan shall conform to the enclosed form of scheduling order.

4. At the teleconference with the court, all parties shall be represented

by counsel who shall have full authority to bind their clients in all pretrial matters.

5.  If any party hereafter enters an appearance, counsel for plaintiff shall notify said party of the above teleconference and forward to that party a copy of these materials.

6.  The parties shall advise the undersigned immediately if this matter has been settled or terminated so that the above teleconference may be canceled.

7.  Counsel are further advised that communications to the court by FAX will not be accepted.

8.  Pursuant to Local Rule 83.5, counsel moving the admission of attorneys pro hac vice shall submit **one** inclusive motion and order for all such attorneys.

_____
United States District Judge

# ORDER

This _____ day of _____ 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by April 8, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

   (a)   Discovery will be needed on the following subjects:

   UNID-Triangle

   Plaintiffs, UNI-Diversified, Inc. ("UNID") and Triangle Corporation ("Triangle")(collectively "UNID-Triangle") by way of their Complaint make several claims against the defendants including: (1) anticipatory breach of contract; (2) unjust enrichment; (3) breach of obligations of good faith and fair dealing; (4) interference with prospective business advantage; and (5) misrepresentation. UNID-Triangle also seeks a declaratory judgment, pursuant to 10 Del. C. §6501, et seq., for the purpose of construing the rights and obligations of the parties arising from a certain August 1, 2001 License and Managing Agreement (the "Agreement") entered into by UNID-Triangle and Spalding Sports Worldwide, Inc. ("Spalding"). The Agreement was subsequently acquired by Russell Corporation ("Russell") pursuant to an acquisition of brand,

inventory, contracts and related aspects of the sporting goods business of Spalding. The acquisition included the Spalding brand name and, among other things, the Agreement.

Pursuant to these claims, UNID-Triangle seeks discovery as to the negotiations leading up to the Agreement, the parties' conduct pursuant to the Agreement and any amendments to the Agreement. UNID-Triangle also seeks discovery as to all damages sought in the Complaint as well as any damages alleged by Russell in its counter claim.

<u>Russell</u>

     1.     Negotiations, discussions, and understanding of the terms of the License Agreement and any amendments thereto;

     2.     The parties' performance under the License Agreement;

     3)     The parties' communications and relationships with sublicensees and potential sublicensees; and

     4)     The amount of damages, if any, to which either party would be entitled.

     5)     Any other issues related to Russell's counterclaims against the Plaintiffs.

     (b)     All fact discovery shall be commenced in time to be completed by October 8, 2005.

     (c)     Maximum of 50 interrogatories by each party to any other party.

     (d)     Maximum of 25 requests for admission by each party to any other party.

    (e)    Maximum of 10 depositions by plaintiff and 10 by defendant.

    (f)    Each deposition limited to a maximum of 7 hours unless extended by agreement of parties.

    (g)    Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by November 8, 2005. Rebuttal expert reports due by December 8, 2005 . All Daubert motions due by January 31, 2006. Expert Discovery to be concluded by January 15, 2006.

    (h)    Supplementations under Rule 26(e) due August 8, 2005.

    (i)    **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3.    **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before May 8, 2005.

4.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

5.    **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before February 28, 2005. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7.  **Motions in Limine.** All motions in limine shall be filed on or before **[two weeks before pretrial conference]**. All responses to said motions shall be filed on or before **[one week before pretrial conference]**.

8.  **Pretrial Conference.** A pretrial conference will be held on _____ at _____ m. in Courtroom No. 4B, Fourth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9.  **Trial.** This matter is scheduled for a [day/week] bench/jury trial commencing on _____ in Courtroom No. 4B, Fourth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

WL1: 104070.01